C. A. NELSON *et al.* v. E. F. WARE.

No. 10680.

TENANCY FROM YEAR TO YEAR — *no notice from tenant necessary to terminate.* The method of terminating a tenancy from year to year is regulated by statute; and in order to determine such a tenancy the tenant is not required to give notice to the landlord of his intention to sever the relation and to quit the premises.

*Error from the Court of Appeals, Southern Department.*

REVERSED AND REMANDED.    OPINION FILED JANUARY 8, 1897.

*Biddle, Boyle & Sheppard,* for plaintiffs in error.

*H. L. Heald* and *R. W. Neal,* for defendant in error; *Cory & Hulbert,* of counsel.

JOHNSTON, J.   In the latter part of 1884 C. A. Nelson and N. B. Weedon, partners as Nelson & Weedon, rented a building from E. F. Ware in which to conduct the grocery business. A written lease was executed which stipulated that the tenancy should continue for one year at a monthly rental of $65, payable monthly in advance. About a year later the parties agreed to continue the lease for the year 1886, and an indorsement to that effect was made thereon. At the end of that year it was verbally extended for the year 1887; and they continued to hold over from

year to year until the end of 1891. The rent was reduced in 1888, and after that no change was made in the rent, and the tenants continued to occupy the premises without any special renewal or further agreement respecting the lease. In December, 1891, Nelson & Weedon asked for a further reduction of the rent, and before the negotiations concerning a reduction had been concluded, and on December 15, 1891, they gave Ware written notice that they would quit the building at the end of the year. Before December 31, 1891, they moved out, and on that day they attempted to deliver the keys to Ware, but on account of his absence from home they were unable to do so. The keys were actually delivered on the next day, and since that time they have treated the relation as severed and have refused to pay any rent. Ware claimed that the lease had not been terminated by the tenants, and that they could only do so by giving him three months' notice of their purpose to quit. This is the controverted point in this action, which was brought to recover rent for the first three months of the year 1892.

Under the facts stated it must be regarded as a tenancy from year to year; and upon this proposition all the parties are agreed. How may such a tenancy be terminated? and is the lessor entitled to any notice? In the absence of an express agreement or a statute regulating the termination of such a tenancy, due notice to either party from the other is ordinarily required in order to sever the relation of landlord and tenant. Under the common law six months' notice is required to determine a tenancy from year to year; but in most of the states the character and time of the notice are regulated by statute. Where the common law rule obtains it is generally held that notice is a

reciprocal right, and that neither landlord nor tenant can sever the relation or deprive the other of his rights under the tenancy without due notice. We cannot apply that rule here, as it has been superseded by a statute which expressly specifies how such a tenancy may be terminated. It reads: "All tenancies from year to year may be determined by at least three months' notice, in writing, given to the tenant prior to the expiration of the year." ¶ 3614, Gen. Stat. 1889. The language of the statute is clear and un-equivocal in defining what is necessary to determine a tenancy from year to year; and the only requirement is a written notice for at least three months to the tenant. In effect, it dispenses with notice to the landlord, although the lack of notice must operate as an injustice to him in many cases. It is an explicit statute, however, which covers the subject and leaves no room for construction. It was a question of policy for the Legislature to decide, and, its meaning being obvious, we have no other duty to perform than to carry out the legislative will, regardless of our own views of the wisdom or justice of the statute. It· appears that the matter of notice to the landlord did receive legislative consideration, as the section immediately preceding the one quoted provides that if either party desires to terminate a tenancy at will or for terms of three months or less he must give the other notice. Why an exception was made of a tenancy from year to year is not easy to understand, but we are not permitted to supply the omission or to give the statute a meaning not justified by any language employed in it. The character and time of notice necessary to terminate any tenancy by either party may be fixed by express agreement, and when so fixed the agreement will control. No notice

being required in this case, the landlord was not entitled to recover rent after possession of the premises was surrendered. The possession appears to have been yielded at the end of the year 1891, and up to that time the rent was paid.

The judgment of the Court of Appeals will, therefore, be reversed and the judgment of the District Court will be affirmed.

All the Justices concurring.