**JACOBS et al. v. REAL ESTATE MORTG. TRUST CO.**

No. 17079—Opinion Filed July 13, 1926.

Rehearing Denied Oct. 19, 1926.

(Syllabus.)

1. **Mortgages — Foreclosure — Right of Mortgagees to Receiver—Invalidity of Order of Appointment Based on Contract Provision.**

Subdivision 2 of section 518, Comp. Stats. 1921, defines the conditions under which a receiver may be appointed on application of mortgagees, when suit is brought to foreclose the mortgage. The rights of the mortgagee to have a receiver appointed cannot be given by a contractual provision in the mortgage. Such provision, though not expressly prohibited by the statute, is contrary to public policy in that the statute points out when such extraordinary remedy· may be granted by a court of equity. An order appointing a receiver because of such contractual provision is without the power of the court and should be set aside on motion.

2. **Same—Right to Receivership for Collection of Rents.**

A clause in a mortgage on real estate which assigns the lease on the same as further security for the payment of the mortgage indebtedness merely gives a lien on same. Unless such condition is shown to exist as that the indebtedness is probably insecure, a receiver to collect rent should not be appointed. Without such a clause, if it is made to appear that the property is probably insufficient to discharge the mortgage debt, a receiver will ordinarily be appointed and the rents conserved to make further secure the indebtedness. Such a clause creates no obligation on the courts to appoint a receiver, but its jurisdiction depends upon the provisions of the statute.

Appeal from District Court, Tulsa County; O. S. Walker, Judge.

Action by the Real Estate Mortgage Trust Company and another against Louis Jacobs and others. Motion to vacate order appointing receiver overruled, and defendants appeal. Reversed.

Ellis A. Robinson and Quincy J. Jones, for plaintiffs in error.

Mason, Honnold, Carter & Harper and Walter L. Barnes, for defendants in error.

BRANSON, V. C. J. On the 20th day of November, 1925, the Real Estate Mortgage Trust Company, a corporation, trustee, and Oliver D. Schnaare, as plaintiff, sued the plaintiffs in error, Louie Jacobs and Fannie Jacobs and others, for judgment on certain ·promissory notes aggregating approximately $38,000, interest, costs, etc., and to foreclose a mortgage or deed of trust on certain property located in the city of Tulsa which the said plaintiffs held as security for the indebtedness.

Attached to the petition was the mortgage or deed of trust which, among its numerous provisions, states:

"It is further agreed that upon the breach of any promise, agreement, covenant, condition, etc., * * * the whole sum secured hereby shall at once and without notice at the option of the second or third party or either of them, become immediately due and payable * * * and immediately upon the filing of the petition for foreclosure the holder thereof shall be entitled to a receiver, to the appointment of which the first party hereby consents, which appointment may be made before or after the decree of foreclosure. * * *"

On filing the petition, the plaintiffs filed a motion for appointment of receiver, and an order was made by the trial court appointing a receiver in which it is recited:

"Now on this the 3rd day of December, 1925, the same being a regular court day of the present term of court, this cause came on for hearing upon the motion and application of plaintiffs for the appointment of a receiver herein for the property described in plaintiffs' petition. Upon consideration of which motion, it appears to the court that the mortgage

sued on in this cause provides for the appointment of a receiver upon the filing of a suit to foreclose said mortgage and that the mortgage contains the provision that immediately upon the filing of a petition for foreclosure, the holder of said mortgage shall be entitled to a receiver to the appointment of which the defendants consent. It is therefore ordered, adjudged, and decreed by the court that plaintiffs' motion for a receiver herein be granted," etc.

This order appointing a receiver was made without notice. Thereafter, and on December 14th, the defendants, Louie Jacobs and Fannie Jacobs, who are plaintiffs in error here, filed a motion which, omitting the formal parts, recites:

"Comes now the above named defendants, Louie Jacobs and Fannie Jacobs, and moves the court to set aside and vacate the order heretofore made herein, appointing a receiver for the property of the defendants for the reason that said order is not issued according to law; was made without notice and the court had no jurisdiction to appoint a receiver in this cause."

On hearing this motion, the trial court, after evidence hereinafter summarized was adduced, made a statement:

"This is the question involved, whether or not people can sit down and contract under the statute we have here—under the general statute on receivership—whether the people can sit down and contract and agree in the mortgage for the appointment of a receiver to take possession of the property."

It appears from this that the stipulation above quoted was the matter primarily considered by the trial court which moved its action in denying the motion to vacate the order appointing a receiver, and the first question presented here is, Did the trial court acquire jurisdiction to appoint a receiver solely by reason of such a stipulation contained in the mortgage?

Section 7402, Comp. Stats. 1921, defines a lien as being a charge imposed upon specific property as security for the performance of an act. Section 7411, Comp. Stats. 1921, provides that notwithstanding an agreement to the contrary a lien or a contract for liens transfers no title to the property subject to the lien. Section 518, Comp. Stats. 1921, on receivers, provides certain condition under which receivers may be appointed. The sixth subdivision of said section is an omnibus clause to the effect that receivers may be appointed in all other cases heretofore authorized by the usages of courts of equity.

Subdivision 2 of said section provides for appointment of receivers under certain conditions in mortgage foreclosure suits. It says:

"In an action by a mortgagee for the foreclosure of his mortgage and the sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been preformed and that the property is probably insufficient to discharge the mortgage debt."

We think that these statutes declare the public policy of the state and define the conditions under which the courts may take charge of property through a receiver. They exclude the exercise of the power of the court to appoint a receiver in cases other than as enumerated in the statutes, except where the matter falls under the sixth subdivision as pointed out above. It will be noted in the second subdivision of the statute that when the mortgagee brings suit for the foreclosure of a mortgage and the mortgaged property is in danger of being lost, removed, or materially injured or that the condition of the mortgage has not been performed and the property is probably insufficient to discharge the mortgage debt, he is entitled to have a receiver appointed.

This section cannot be construed to authorize a receiver where a suit is brought and the property primarily liable to discharge the indebtedness is not in danger of being lost, removed, or materially injured, unless it further appears that the property is probably insufficient to discharge the mortgage debt.

The court acquires jurisdiction to appoint a receiver only upon showing that the situation is such that failure or refusal to appoint one would probably work an injury to the plaintiff. Parties cannot, by consent, contract or by stipulation confer jurisdiction upon a court not authorized by law. Model Clothing Co. v. First National Bank of Cushing, 61 Okla. 88, 160 Pac. 450; Hobbs v. German-American Doctors, 14 Okla. 236, 78 Pac. 356; 34 Enc. Law & Procedure, 106.

Where the statute authorizing the appointment of a receiver sets forth the conditions under which the jurisdiction of a court can be invoked for that purpose, such conditions must be shown to exist before the court can act, and an agreement of the parties on the subject has no bearing upon the situation, neither is it persuasive upon the court to appoint or refuse to appoint Finch v. Flanagan, 208 App. Div. 251, 203 N. Y. Supp. 560; Hazeltine v.

Granger (Mich.) 7 N. W. 74; Couper v. Shirley (C. C. A.) 75 Fed. 168; Bothman v. Lindstrom, 221 Ill. App. 262; Durband et al. v. Ney et al. (Iowa) 191 N. W. 385; Aetna Life Ins. Co. v. Broeker (Ind.) 77 N. E. 1092 and cases therein cited.

In the above cited case of Durband et al. v. Ney et al., the court said:

"A stipulation in a mortgage for the appointment of a receiver in the event of foreclosure does not enlarge the rights of the mortgagee, since a court of equity may under the statutes appoint a receiver with or without a stipulation, and may refuse to appoint one in a given case even though the mortgage provides for one."

In the above cited case of Finch v. Flanagan, the court says:

"A receivership in foreclosure is an extraordinary remedy. A receiver is the agent of the court. * * * To justify the appointment of a receiver on the application of the mortgagee it must appear that the mortgaged premises are an inadequate security for the debt and that the parties personally liable for the debt are insolvent."

In the said case of Couper v. Shirley, the court, after discussing the fact that under statutes similar to ours a mortgage is a mere security for a debt and the mortgagee is not entitled to rents and profits until he gets possession under a decree of foreclosure, stated that a stipulation such as here involved was contrary to public policy and was not binding upon the mortgagor, and although not expressly prohibited by law, yet, like all contracts opposed to the public policy of the state, it cannot be enforced.

The court in effect further said the parties to the mortgage have no power to bind the courts independently of any equitable condition which might have been shown to exist by a contract or stipulation made between them. We think that the authorities, when properly considered, are to this effect.

But the defendant in error, in the second place, contends that said quoted clause from the mortgage assigning the lease upon the premises as further security for the debt unquestionably authorized the court in appointing a receiver to collect the rents and conserve the same. We think that this position is untenable from the authorities above cited.

Under the evidence adduced in this case, which was not disputed, the defendants, or plaintiffs in error here, testified that the mortgage sought to be foreclosed approximated $38,000; that the property was of the reasonable value of $94,500. Defendant further testified that he was not insolvent; that he was worth, above his debts and liabilities, approximately $350,000, and although he owed some outstanding indebtedness, that such did not, in any wise, impair the securities held by the plaintiff. This evidence was undenied.

In the above cited case of Aetna Life Ins. Co. v. Broeker, the Supreme Court of Indiana, among other things, said:

"The appointment of a receiver is a remedy. It is a part of the procedure of courts of chancery to conserve and enforce equitable rights; but it is not an equity in itself, and parties cannot bargain concerning the exercise of the jurisdiction."

In the case of Baker v. Varney (Cal.) 62 Pac. 100, in discussing the statute for appointment of receivers on mortgage foreclosures, the court said, in effect, that where, in an action to foreclose a mortgage, none of the reasons for the appointment of a receiver specified by section 564 existed, and the receiver was appointed under a stipulation in the mortgage, such appointment was void, since the party could not stipulate so as to confer jurisdiction where none existed by law.

But the defendants in error stress their contention that the receiver should be appointed for the purpose of collecting the rents by reason of said above-quoted clause in the mortgage that the lease was assigned as further security for the debt. As pointed out above, the plaintiff merely had a mortgage or lien upon the same. He was, under subdivision 2 of section 518, supra, not entitled to any greater rights by reason of this provision in his mortgage than he would have been entitled to had it not been in the mortgage. It must be noted that this was given as further security. The property primarily liable was the real estate described. The said subdivision 2 makes the conditions under which a receiver may be appointed subject to the last clause, "that the property is probably insufficient to discharge the mortgage debt."

The undisputed evidence shows that the property was amply sufficient to discharge the mortgage debt. Defendants in error say that the case of Meridian Oil Co. v. Randolph, 26 Okla. 634, 110 Pac. 722, answers the contention made by the plaintiffs in error. Disclaiming any desire to criticize the opinion referred to, it must be noted that the plaintiff in said action, as appears from the face of the opinion, contended that he was entitled to a receiver under subdivi-

sion 2 of said section, supra. This court did not hold that he was entitled to a receiver under subdivision 2 of said section, but on page 640 of the official report (26 Okla.) held that a receiver was properly appointed under the first division of said section, which provides that the same may be done in an action

"* * * between partners or others jointly owning or interested in any property or fund on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured."

This conclusion of the court in that case was not in accordance with the contention of the plaintiff, but undertook to justify the appointment under subdivision 1 of said section, which does not refer to mortgage foreclosures. We do not consider that said case is controlling here. In so far as the same, by any supposed analogy, may have any bearings upon the question here we refuse to follow the same.

Again, defendants in error cite the case of Hughes v. Garrelts et al., 85 Okla. 321, 129 Pac. 43, and quote the syllabus in said case. The syllabus in said case, taken alone, would apparently support the contention made by the defendants in error, but the opinion shows that the appointment in that case was sought under the first subdivision of said section of the statute, for the reason that the main action was brought in ejectment, the plaintiff claiming to be the owner of an interest in the real estate from which large quantities of oil were being taken. Clearly that case, under the facts disclosed by the opinion, has no bearing upon the case at bar.

The defendants in error, again, rely upon the Home Ownership Act (section 9483 Comp. Stats. 1921) and a decision of this court in the case of State ex rel. Commissioners of the Land Office v. Gilbert, 107 Okla. 91, 230 Pac. 230. That statute upon which that opinion was based in no wise refers to the question here involved. We are not unmindful that trial courts have a degree of discretion in appointing receivers, but that discretion does not extend to the point that they have jurisdiction to appoint receivers unless some showing is made to bring the same within some ground authorized by statute or inherent in courts of equity.

There was none in the instant case, and the judgment of the trial court is therefore reversed, with directions to vacate the order appointing a receiver.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.