### WILSON v. WONDERLY.

No. 20377. Opinion Filed Nov. 5, 1929.

W. P. Nelson, for plaintiff in error.

Woodson E. Norvell, for defendant in error.

MASON, C. J. The defendant in error, Helen Louise Wonderly, commenced this action by filing her petition in the trial court praying, in addition to other relief, for the appointment of a receiver to take charge of and manage two certain greyhounds, alleged to be the property of plaintiff. On the same day, and without notice to the defendant, the court appointed a receiver, who immediately took possession of said dogs. The defendant, thereafter, filed motion asking that the order appoint-

ing said receiver be vacated, the receiver be discharged, and the greyhounds redelivered to the defendant. After a hearing thereon, the same was denied by the trial court, and the defendant has appealed and filed briefs in support thereof. Defendant in error has filed motion to dismiss the appeal on the ground that it is frivolous and taken for delay. Counsel for plaintiff in error quotes from 34 Cyc. P. 114, as follows:

"Regularly a motion for receiver should be founded upon affidavits, or, as in the practice of some states, on a bill sworn to by the complainant or by someone cognizant of the facts stated."

And quotes from Rashaw v. Straus Co., 94 Okla. 141, 221 Pac. 62, wherein this court quoted from 17 Ency. Pleading and Practice 736, as follows:

"A petition for a receiver should be verified by affidavit and both the petition and the verifying affidavit must be positive, as must also other affidavits filed in support of or in opposition to the application."

Counsel then contends that the petition filed by plaintiff in the trial court, and upon which the order appointing a receiver was made, was not verified, and for this reason the judgment should be reversed. This question was presented to the trial court at the hearing on the motion to vacate, and evidence was introduced, after which a general finding by the court against plaintiff in error was made.

We have examined the record, and find conclusive evidence to support the finding upon that phase of the case, and the same, therefore, will not be disturbed.

The second proposition presented by this appeal is that the petition does not state facts sufficient to warrant the appointment of a receiver without notice having first been given to the plaintiff in error, defendant below. The petition alleges, in substance, the ownership of said property in the plaintiff; that said property has great earning value in the sum of not less than $5,000 during the approaching racing season; that the defendant obtained the possession thereof with intention of removing the same from the jurisdiction of the court by making threats and by display of firearms. It further alleges that the defendant is insolvent, a fugitive from justice, and that he has threatened to, and will, if allowed to remain in possession of said dogs, cause them to be killed in the event the decision of the court is unfavorable to him; and that if notice be given to the defendant, he would take the property from the jurisdiction of the court.

As a general rule, a receiver should not be appointed without notice to the parties affected thereby, but where an emergency exists, it is within the power of the court to appoint a receiver without notice.

In the case of Olmstead v. Distilling & Cattle Feeding Co., 67 Fed. 24, the court said:

"There was nothing in the appointment of these receivers, or the secrecy that attended the proceedings, until the papers reached the clerk's office at Peoria, that was either unusual or improper. The application was necessarily made out of court, and without notice; otherwise its presumably legitimate purpose might have been defeated by bringing on the adverse attacks which the proceedings were intended to forestall."

The plaintiff in error herein, defendant in the trial court, in no way challenged the truthfulness of the allegations of the petition. It was the purpose of the plaintiff to place said property in the custody of the court where it could be protected against the threat of the defendant in error to destroy the same.

We are, therefore, of the opinion that the facts stated in the petition filed by the plaintiff in the trial court were such as to warrant the court in appointing a receiver without notice.

The judgment of the trial court is affirmed.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. HUNT, J., absent.

Note.—See under (1) 2 R. C. L. p. 202; R. C. L. Perm. Supp. p. 376. (2) anno 26 A. L. R. 85; 23 R. C. L. p. 39; 3 R. C. L. Supp. p. 1310; 5 R. C. L. Supp. p. 1229; 6 R. C. L. Supp. p. 1357. See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Receivers," 34 Cyc. p. 122, n. 97.