No. 33,453

SOREN SORENSEN et al., *Appellees*, v. ALEX S. HENDRY, *Appellant*.

(69 P. 2d 1114)

Opinion filed July 10, 1937.

*Alex S. Hendry,* of McPherson, *pro se; James A. Cassler* and *L. H. Ruppenthal,* both of McPherson, of counsel.

*J. R. Rhoades* and *George R. Lehmberg,* both of McPherson, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action in ejectment against a tenant and was brought by the owners and successors in title to the original lessor. Plaintiffs prevailed, and defendant appeals.

Defendant acquired possession of a suite of office rooms under a written lease executed March 1, 1926. The main question involved is the construction of the lease contract and in particular that portion of it which pertains to the notice to terminate the tenancy. The pertinent portions of the lease read:

"THIS IS TO CERTIFY, That I, the undersigned, have hired and taken from A. Sorensen the following premises, situated in the city of McPherson, in McPherson county, and state of Kansas, to wit: The three front rooms in the upper or second story of the two-story brick building located at 113½ North

Main street, McPherson, Kan. *One year's notice in writing to be given of termination of this lease before each five-year term.*

"For a term of *five years with the option or privilege of a renewal or continuance of this lease for the period of another five years* from the *first day* of *March, 1936,* A. D., at the *monthly* rent of *ten dollars and no/100* dollars, payable *monthly.*

"And I do hereby promise to make punctual payment of the rent in the manner aforesaid . . . to quit and surrender the premises at the expiration of said terms . . .

"In witness whereof I hereunto set my hand this first day of March, 1926, A. D." (Italics inserted.)

A printed form of lease was used. The description of the leased premises and the italicized portions were inserted. The year 1936, quoted in the second paragraph, had been 1926, but the figure "2" was changed with typewriter to the figure "3," so as to make it read 1936. Some changes were made with ink in the description of the premises leased, but they are not material on the question of a proper construction of the lease. The evidence of defendant was that these changes were all made at the time the lease was executed. The original lessor had died about June 1, 1931. It appears his copy of the lease had been lost or misplaced. The rental payments were not in arrears. This action was commenced April 29, 1936. The trial court found:

". . . . that the defendant had leased the premises hereinafter described from one of the plaintiff's predecessors in title and ownership thereof under a written lease, dated March 1, 1926, for the term of five years from that date, with an option of renewal for the period of another five years, which option was exercised, and defendant's lease expired on March 1, 1936; that in February, 1936, the defendant was told by the plaintiffs that they wanted the premises as soon after March 1, 1936, as convenient; that the defendant is now and has been since March 1, 1936, holding possession of said premises as a tenant by sufferance, and no notice to quit was necessary; and that the plaintiffs were entitled to judgment as prayed."

Defendant first contends the lease was indeterminate as to time and could, according to its own provisions, be terminated only by notice of one year prior to 1936. We think the construction placed on the lease by the trial court was correct. The intention of the parties must be determined by a consideration of the lease as a whole. It must be collected from the entire instrument and not from a particular isolated part thereof. (*Nance v. Mullikin,* 131 Kan. 828, 293 Pac. 490.) See, also, 35 C. J., Landlord and Tenant, § 465. The lease was clearly not indeterminate as to time. It was executed in 1926 for an initial term of five years. True, it granted defendant

the privilege of renewal, but for how many five-year terms? Certainly the lease cannot be construed as providing for more than one five-year renewal. The express language employed unequivocally discloses the renewal should be for only one period of five years. It reads, "for the period of *another* five years." Such other five-year period would commence March 1, 1931, and end March 1, 1936. It therefore follows the lease, according to its terms, was not for an indeterminate time, but on the contrary, even in the event of a renewal, terminated definitely on March 1, 1936. Any holding over after that date would constitute defendant either a tenant at will (G. S. 1935, 67-501), a tenant from year to year (G. S. 1935, 67-502), or a tenant by sufferance. Neither of such tenancies would be for a five-year period. It is therefore apparent the notice prescribed in the lease to terminate the lease could not apply to a tenancy after March 1, 1936, as that notice referred to a notice before each five-year period. Only two five-year periods were contemplated by the lease. If. defendant's contention were sound the lease-notice provision would also render nugatory defendant's express covenant, "to quit and surrender the premises at the expiration of said terms . . ." It follows the decision in *Nelson v. Ware*, 57 Kan. 670, 47 Pac. 540, relied upon by defendant is not controlling here..

In defendant's original brief it was contended the lease was indeterminate as to time and could be terminated only by the notice of one year. In his reply brief it is urged the lease terminated five years from March 1, 1936; that is, on March 1, 1941. Neither contention is tenable.

Defendant next contends the evidence discloses the year "1936" was written into the lease when executed, that this was not an action for reformation of the contract, and hence the year 1936 must stand.

Defendant's own answer plainly discloses he interpreted the lease and tried this case on the definite theory the lease was given for an initial term of five years with the right of one renewal and not for ten years with right of another five-year renewal. His answer in this particular reads:

"Defendant further alleges and states that on the first day of March, 1931, he exercised the option and privilege of renewal given him in said contract, paid all of the rents required of him under said lease for the renewal and continuance of said lease for *the* additional period of five years, and that on March 1, 1936, defendant held over as a tenant *from year to year after the expiration of the term of said lease,* and now holds said premises as a tenant from year to year, subject to the terms of said lease." (Italics inserted.)

Here, then, is defendant's own construction placed on the lease. His answer admitted the initial term of the lease was five years, that at the end of that one five-year period he exercised the option given him under the contract, and that after March 1, 1936, he merely held over. That being true, the term of the lease terminated on March 1, 1936. In view of defendant's own interpretation of the lease as disclosed by his answer he is in no position to complain concerning failure of plaintiffs to ask for reformation of the contract, assuming that had otherwise been necessary in the instant case.

The inconsistency of defendant's positions is evident. If it were true that he held over as a tenant from year to year after March 1, 1936, as his answer alleged, then it could not be true that the definite term of the lease extended to March, 1941, or to any other period beyond March 1, 1936.

Next, defendant did not hold over as tenant from year to year after March 1, 1936. Such a tenant holds with the assent of the landlord. G. S. 1935, 67-502, provides:

"When premises are let for one or more years, and the tenant *with the assent of the landlord* continues to occupy the premises after the expiration of the term, such tenant shall be deemed to be a tenant from year to year." (Italics inserted.)

The trial court found defendant had been notified in February, 1936, that possession was desired by plaintiffs as soon after March 1 as convenient. Moreover, defendant's own evidence disclosed that for several years he had not been in possession of the premises with the assent of his landlord. He testified:

"A. I have known since Mr. Sorensen was appointed administrator of the Sorensen estate that he wanted me to get out of those premises."

Defendant was a tenant by sufferance only. In 35 C. J., Landlord and Tenant, § 371, such a tenant is defined as follows:

"A tenancy at sufferance arises only when a person comes into possession lawfully, but holds over wrongfully, after the termination of his interest."

And in the same volume, § 370, it is said:

"A tenancy at sufferance arises where one comes into possession of land by a lawful title otherwise than by act of law, and occupies it thereafter without any right or title at all. . . . Want of consent to the continued occupancy of the tenant is the distinguishing characteristic between a tenancy at sufferance and a tenancy at will." (pp. 1134, 1135.)

See, also, G. S. 1935, 67-501.

No notice to quit was necessary. G. S. 1935, 67-509, provides:

"Where the time for the termination of a tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant by sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

Defendant finally contends plaintiffs should not prevail as they accepted the monthly rentals since March 1, 1936. Why should plaintiffs not have accepted what defendant owed them? So long as defendant occupied the property he was liable for the rents. G. S. 1935, 67-520, expressly provides:

"The occupant without special contract, of any lands, shall be liable for the rent to any person entitled thereto."

In *Martin v. Allen*, 67 Kan. 758, 74 Pac. 249, it was held:

"The common-law rule that a tenant by sufferance is not liable for rents and profits has been abrogated by statute in this state."

See, also, *Benton v. Beakey*, 71 Kan. 872, 81 Pac. 196; *Mortgage Co. v. Elsea*, 85 Kan. 106, 116 Pac. 249.

In view of what has been said it follows the judgment must be affirmed. It is so ordered.