## STOVALL et ux. v. EDWARDS.

No. 31242. May 23, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 385.*

Guy L. Andrews, of McAlester, for plaintiffs in error.

Counts & Jones, of McAlester, for defendant in error.

HURST, J. This is an appeal from an order refusing to vacate the appointment of a receiver pendente lite, in a suit for possession of residence property in the city of McAlester and to quiet title thereto. The plaintiff Edwards claims title under a county deed. The defendants, Claude Stovall and wife, occupy the property. Prior to the resale Mrs. Stovall owned an undivided 1/15th interest therein by inheritance. In the amended and supplemental petition, the plaintiff alleged that the defendants have refused to permit the plaintiff to inspect the premises, that the property is in a bad state of repair and is in a run-down condition, and that the defendants refuse to pay the rent or repair the building, and the plaintiff asked that a receiver be appointed for the purpose of protecting the property, repairing the house, collecting the rentals, and keeping the property in status quo until the litigation terminates. The defendants filed a response objecting to the appointment of a receiver.

At the hearing on the application for the appointment of a receiver, the plaintiff introduced in evidence his deed, which is regular in form, and testimony to the effect that plaintiff had been unable to inspect the inside of the house to see its condition, that the porch is in a bad state of repair, that the roof needs attention, and the house needs a coat of paint, and that the house will deteriorate if the repairs are not made, and the coat of paint is not applied. Mr. Stovall admitted that the porch is in need of repairs and that the house is in such condition that it should be torn down and rebuilt, but denied that it needs a paint job or that the roof is in need of repair.

Our statute, 12 O. S. 1941 § 1551, provides five specific grounds for the appointment of a receiver, and then in the sixth subdivision it contains a general provision that a receiver may be appointed "in all other cases where receivers have heretofore been appointed by the usages of the courts of equity." The plaintiff relies upon this provision. One of the grounds for appointing a receiver under the usages of the courts of equity is to prevent waste. High on Receivers (4th Ed.) ch. 1, §§ 4, 9, 11; 23 R. C. L. 18, § 12; 53 C. J. 41. And waste may result from acts of omission as well as from acts of commission. 27 R. C. L. 1013; 67 C. J. 611; Bouvier's Law Dictionary, Rawle's 3rd Revision, p. 3433. And permitting property to deteriorate and become dilapidated by failure to keep it in repair is recognized as a form of waste. 26 A. L. R. 33, at 57, annotation.

Since the plaintiff's pleading and proof were sufficient, if believed by the trial court, to establish that the house needs repairs and will deteriorate during the indefinite time the suit may be pending, if it is not repaired and painted, the question as to whether a receiver should have been appointed was within the sound judicial discretion of the trial court, and we are unable to say from the record that a clear abuse of such discretion is shown. Eason Oil Co. v. Oklahoma City Petroleum Corporation, 185 Okla. 448, 92 P. 2d 222; Boynton Gas & Electric Co. v. Mosier, 179 Okla. 232, 65 P. 2d 448; 23 R. C. L. 11, note 13; 4 C. J. 804; 53 C. J. 34.

Affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS and DAVISON, JJ., concur.