CALDWELL v. BOEDEKER et al.

No. 32839. Dec. 2, 1947.

*187 P. 2d 236.*

Judd L. Black, of Oklahoma City, for plaintiff in error.

Rex H. Holden, of Oklahoma City, for defendants in error.

HURST, C.J. This is an action in forcible entry and detainer to recover possession of the Alamo Hotel located at 305 1-2 North Broadway in Oklahoma City. From a judgment of the justice court in favor of the plaintiffs, Viola Boedeker and Hugh Radford, the defendant, Mrs. J. A. Caldwell, appealed to the common pleas court, where judgment on an instructed verdict was again rendered for the plaintiffs. Defendant appeals.

For some years prior to the summer of 1945, a Mrs. Hayes occupied the property as a tenant. After her lease expired she continued to occupy the property as a tenant at will, paying the rent on a monthly basis. In the summer of 1945, Mrs. Hayes sold her hotel equipment and furniture to L. E. Paine and turned possession of the premises to Paine, who paid the monthly rental of $75, in advance, to plaintiffs, the last payment being made on December 26, 1945, which paid the rent in advance to January 26, 1946. On January 11, 1946, Paine sold the hotel equipment and furniture to the defendant, who immediately took possession of the premises and continued to operate it as a hotel. On January 26, 1946, the defendant gave the plaintiffs a check in payment of the rent in advance to February 26, 1946, which check was accepted and cashed by the plaintiffs, but at the time the check was given plaintiff Radford told the defendant that he would have to give her notice to vacate. The testimony discloses that about the time defendant was negotiating with Paine for the purchase of the hotel property, Radford told defendant that he would not lease the premises to her, but that he was going to take it over himself. He testified that he told her that he wanted possession as soon as he could get it, while defendant testified that he said he might want possession in 60 days or in six months. Radford also testified that the physical condition of the property was bad and that it was not being kept up, but he did not go into details or state that defendant was not doing anything that might be expected of her under the circumstances to keep the property in repair.

On February 19, 1946, the plaintiffs served a notice on defendant to vacate the premises as required by the forcible entry and detainer statute, and on the 23rd day of February, 1946, this suit was commenced.

1. The defendant contends that the acceptance of rent in advance created a tenancy at will, and that it was necessary for plaintiffs to serve a thirty-day notice upon her in order to terminate the tenancy, as provided by 41 O.S. 1941 §§3, 4. We agree with this contention. The check given by the defendant had a notation on it "For rent 305 1-2 N. Bwdy." The plaintiffs do not contend that they did not understand that the check was given for payment of rent in advance, nor do they contend that it was given for any other purpose. The acceptance of the rent in advance gave implied consent to the occupancy of the premises until February 26, 1946, and this was sufficient to create a tenancy at will. See 41 O.S. 1941 §1 and cases cited. The refusal of the plaintiffs to consent to the transfer of the possession of the premises from Paine to the defendant, and the statement made by Radford at the time he accepted the check from defendant do not negative the fact of implied consent to the occupancy until February 26th by the acceptance of the check for future rent. As stated in Kenny v. Seu Si Lun, 101 Minn, 253, 112 N. W. 220, 11 L.R.A. (N.S.) 831, quoting from an English case:

"What he did, not what he said, was in my humble opinion, the all-important matter. He should have declined to take the money at all, if he meant to elect to proceed for a forfeiture."

So, here, plaintiffs should have refused to accept the rent in advance if they did not want to accept defendant as a tenant as well. The rule is that "the payment of rent by one in occupancy of premises is indicative of a tenancy, unless it is paid under such circumstances as to rebut the idea of a tenancy." 32 Am. Jur. 47.

The plaintiffs rely upon Sorensen v. Hendry, 146 Kan. 337, 69 P. 2d 1114, but it does not appear that the rent there paid was in advance.

The plaintiffs say that they had the right to accept the rent under 41 O. S. 1941 §19, which provides: "The occupant of any lands, without special contract, shall be liable for the rent to any person entitled thereto." But this section has reference to rent for past occupancy.

We hold, therefore, that by the acceptance of the rent in advance by the plaintiffs, the defendant became a tenant at will, and it was necessary for the plaintiffs to serve a notice on the defendant terminating the tenancy, as required by 41 O. S. 1941 §4, before they could serve the three day notice to vacate required by 39 O. S. 1941 §395 so as to be in position to proceed under the forcible entry and detainer statute.

2. Plaintiffs contend that their evidence, briefly outlined above, established that the defendant was guilty of committing waste, and that consequently no notice to terminate the tenancy was necessary as provided in 41 O. S. 1941 §8. They cite no authority in support of the contention that the proof was sufficient to establish waste. While waste may consist of acts of omission as well as acts of commission (Stovall v. Edwards, 194 Okla. 335, 151 P. 2d 385), yet we do not believe the evidence was sufficient on which to base an inference that the defendant had committed waste.

Reversed, with directions to dismiss the cause.

DAVISON, V.C.J., and CORN, GIBSON, and LUTTRELL, JJ., concur. RILEY and BAYLESS, JJ., dissent.

———

RILEY, J. (dissenting). The majority conclude that Mrs. Caldwell, in possession of the Alamo Hotel, is vested with the rights of a tenant at will.

But the facts are that the landlord, on every occasion, expressly withheld his assent to any rental contractual relation with her. There can be no ten-

ancy at will in the absence of a contractual relation, expressed or implied.

The majority imply a contractual relation from the fact that the tenant offered, and the landlord accepted, rent for one month in advance. But the statute, 41 O. S. 1941 §19, in derogation of common law, renders a tenant at sufferance liable for rent.

In Kansas, under similar circumstances, the court said "Why should plaintiffs not have accepted?" So long as defendant occupied the property, there was liability for the rent. Sorensen v. Hendry, 146 Kan. 337, 69 P. 2d 1114.

But the majority think the landlord acted wrongfully in accepting rent **in advance,** and because of his conduct, he is estopped to deny defendant's contention, presupposing a contractual relation with the landlord.

The conduct relied upon by defendant was brought about by her own act in tendering the rent in advance. She led, and was not misled. Insofar as the landlord acted upon her offer, she did not change her condition for the worse. She knew of the law's delay and her ensuing liability. She suffered no detriment, a requisite of estoppel. Words & Phrases, Perm. Ed., Estoppel.

The right of a landlord to collect rent from a tenant at sufferance was not limited by the Legislature. A limitation by judicial decision, so that rent may not be paid in advance and accepted without penalty of estoppel, is an effective amendment to the statute —a legislative function, by constitutional limitation in the division of governmental powers, sec. 1, art. IV, denied to the judiciary.

The elements of "estoppel" are a false representation or concealment of material facts, made with knowledge thereof to one without knowledge or means of knowledge, and with intent that it be acted on, and reliance and action thereon to his prejudice by party to whom representation was made. W. S. Gray Cotton Mills v. Spartanburg County Mills, 139 S.C. 223, 137 S. E. 684.

As tested by this rule, there was no element of estoppel against the landlord.

Judgment should be affirmed.