**Arvel Leon HEFLEY, Appellant,**

v.

**Beverly Diane HEFLEY, Appellee.**

**No. 51128.**

Supreme Court of Oklahoma.

Feb. 13, 1979.

Kenneth C. Ellison, Ellison, Hayes & Nelson, Tulsa, for appellant.

Don E. Gasaway, Tulsa, for appellee.

SIMMS, Justice:

Appellant and appellee were divorced in Tulsa County, Oklahoma, in June, 1973. By the terms of the divorce decree, appellant was ordered to pay the sum of $125.00 per month each for the support of two minor children. The decree was silent as to who could claim the children as dependents for tax purposes.

However, in May, 1973, prior to the entry of the divorce decree, appellant and appellee entered into a written property agreement titled "Memorandum" which provided, inter alia:

"4. *Internal Revenue*

Leon (appellant) shall receive the children as exemptions for Internal Revenue purposes, although not in the decree."

Subsequent to the entry of the Decree of Divorce, appellee sought modification of the above quoted provisions of the "Memorandum" by asking that she be allowed to claim the children as dependents for tax purposes, or alternatively, that the amount of child support be increased.

The trial judge refused to increase the award for child support, but did modify the terms of the "Memorandum" by allowing appellee to claim the children for dependents. It is from the order of modification that this appeal is taken.

■ Appellant urges the trial court cannot modify that part of the memorandum agreement which was not incorporated in the decree. He relies upon *Sullins v. Sullins, Okl., 280 P.2d 1009 (1965),* but that reliance upon *Sullins* is misplaced, for in syllabus 1, the Court said:

"Contracts entered into by husband and wife in contemplation of divorce settling their property rights and the support and custody of their minor children, approved by not incorporated in a later divorce decree, may not be afterwards modified except by consent of the parties with respect to the property settlement, *but may be modified with respect to the custody and support of the minor children.*" (E.A.)

*Fletcher v. Fletcher, Okl., 362 P.2d 691, 693 (1961)* holds that the matter of child support is in the continuing jurisdiction of the trial court and may be changed as circumstances warrant.

■ The record in this case reflects the needs of the children have increased so as to create additional financial burdens upon appellee. According to the evidence, the net income of appellant had decreased since the date of the divorce, and the take home pay of appellant would not be affected by permitting the appellee to carry the children as dependents for tax purposes. The modification would result in a moderate increase in the net income of the mother which would inure to the benefit of the children.

In *Huchteman v. Huchteman, Okl., 557 P.2d 427 (1976),* it was held:

"Modification of child support is within discretion of trial court, and judgment of trial court will not be reversed on appeal unless it is against clear weight of evidence, or erroneous in respect that causes injustice and reflects abuse of discretion. *Smith v. Smith,* Okl., 396 P.2d 1016."

While the order of modification did not change the amount of child support to be paid by appellant, the order of modification does pertain directly to the support of the children.

We have examined the record and believe the trial court's judgment refusing to increase support but modifying the agreement of the parties as to who may claim the children for dependents for tax purposes is not against the clear weight of the evidence.

We do not pass upon the question of what effect, if any, will be given to the order by Internal Revenue.

JUDGMENT AFFIRMED.

All the Justices concur.