**MIF REALTY L.P., a Delaware Limited Partnership whose general partner is MIF Gen–Par, L.P., a Delaware Limited Partnership and whose limited partner is Resolution Trust Corporation, Appellee,**

v.

**DUNCAN DEVELOPMENT CO., et al., Appellants,**

**and**

**Dick Ailanjian, an individual, et al., Appellees.**

**No. 84239.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 21, 1995.

Scott C. Sublett, Timothy Kline, Lynn A. Pringle, Stephen W. Elliott, Oklahoma City, Michael P. Sullivan, Kent Sullivan, Duncan, for appellants.

John B. Heatly, Todd A. Nelson, Oklahoma City, for appellee, MIF Realty L.P.

Kieran D. Maye, Jr., Oklahoma City, for appellee, First Lake Corp.

### *MEMORANDUM OPINION*

CARL B. JONES, Judge:

This interlocutory appeal challenges the appointment of a receiver *pendente lite* in a mortgage foreclosure action. We believe the trial court erred and we remand with instructions.

Appellee/Plaintiff/Mortgagee filed an application for the appointment of a receiver contemporaneously with the filing of its foreclosure petition. Its basis for seeking the

appointment of a receiver was a provision in the mortgage which provided that immediately upon the filing of a foreclosure petition the mortgagee would be entitled to have a receiver appointed.[1] Appellee further contended the appointment of a receiver was statutorily permitted by 12 O.S.1991 § 1551(2)(c).[2] Appellants/Defendants/Mortgagors filed an objection to the appointment of a receiver claiming such action would not be authorized under 12 O.S.1991 § 1551.

At the subsequent hearing to consider the appointment of a receiver, the trial court was made aware that this case had been filed previously in federal court but had later been dismissed for lack of subject matter jurisdiction. Prior to the dismissal of the federal court action, the parties entered into a stipulation for the appointment of a receiver. Pursuant to the stipulation the federal court judge entered an order appointing Carl L. Edwards as receiver over the subject property, an office building in Duncan, Oklahoma. The trial court herein was asked by Appellee to reappoint Mr. Edwards, which the trial court did.

Appellants contend here that there was no statutory or other basis permitting the appointment of a receiver. Specifically, it is argued that § 1551(2)(c) is inapplicable and that no evidence was presented that would allow the appointment under § 1551. Because of the lack of this necessary statutory basis, Appellants argue that their agreement in the mortgage to the appointment of a receiver is void and unenforceable. Appellee

argues that § 1551(2)(c) does provide the statutory basis and, further, that the Appellants should be bound by the agreement in the mortgage and by their previous stipulation in federal court.

## APPLICABILITY OF § 1551(2)(c)

Appellants argue that § 1551(2)(c) (which permits the court to appoint a receiver where it appears that a condition of the mortgage has not been performed and the mortgage provides for a receiver) does not apply hereto because that subsection was added to § 1551 in 1989. The mortgage containing the agreement to the appointment of a receiver was executed prior to 1989. Appellants' argument is further that prior to 1989 such agreements were contrary to public policy and thus void. And, if void *ab initio*, the agreement cannot be revived by a new statute (§ 1551(2)(c)) which now allows that which was previously not permitted. The underlying authority cited by Appellants for this argument is *Jacobs v. Real Estate Mortgage Trust Co.*, 122 Okla. 1, 249 P. 930 (1926).

We believe Appellants misconstrue *Jacobs.* In *Jacobs*, an agreement in a mortgage entitling a mortgagee to have a receiver appointed upon the filing of a foreclosure petition was held to be against public policy because it was, in effect, allowing the parties to privately confer subject matter jurisdiction on the court which did not otherwise have jurisdiction. The appointment of a receiver was noted to be an extraordinary remedy which the court could not undertake except

1. The relevant language from the mortgage reads:

> "[T]hat immediately upon filing of the petition in foreclosure the holder hereof shall be entitled to the possession of the said premises, and to collect and apply the rents thereof, less reasonable expenditures, to the payment of said indebtedness; and for this purpose the holder hereof shall be entitled to a receiver, to the appointment of which the mortgagor hereby consents, which appointment may be made either before or after the decree of foreclosure and the holder hereof shall in no case be held to account for the rental or damage other than for rents actually received."

2. Title 12 O.S.1991 § 1551 provides in pertinent part:

> "A receiver may be appointed by a Judge of the Supreme Court or a district court judge:
> * * * *
> 2. In an action by the mortgagee for the foreclosure of his mortgage and sale of the mortgaged property or in connection with a mortgagee foreclosing his mortgage by power of sale under the Oklahoma Power of Sale Mortgage Foreclosure Act:
> a. where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or
> b. that a condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt, or
> c. that a condition of the mortgage has not been performed and the mortgage instrument provides for the appointment of a receiver. * * * *"

under those conditions specifically enumerated by statute. Nothing in *Jacobs* limited the parties' right to contract. But, it made clear that a mere agreement as to the appointment of a receiver is not enforceable absent a statutory ground for such appointment. The appointment of a receiver without a statutory ground would be void and against public policy because the court would have lacked subject matter jurisdiction to so act. The fact that an agreement is unenforceable because the court lacks authority to enforce it does not also mean that the agreement is void. It is merely unenforceable. Upon the amendment of § 1551 in 1989, the parties' agreement became enforceable because the court then had the power to enforce it.

Nor do we believe the agreement in the mortgage standing alone was contrary to public policy. Whether a contract is against public policy is a question of law for the court to determine from all of the circumstances of the case. *R.W. Hart & Co. v. Harris*, 183 Okla. 588, 83 P.2d 565, 568 (1938). The power of courts to nullify contracts as being in contravention of public policy is a very delicate power, to be exercised only rarely, with caution and restraint, and only in cases that are free from doubt. *Shepard v. Farmers Ins. Co.*, 678 P.2d 250, 251 (Okla.1983); *Johnston v. J.R. Watkins Co.*, 195 Okla. 341, 157 P.2d 755, 757 (1945). Detriment to the public interest is not to be presumed, but must be clearly apparent before a court is justified in declaring a contract unenforceable on public policy grounds. See *Johnston v. J.R. Watkins Co.*, 157 P.2d at 757; *R.W. Hart & Co. v. Harris*, 83 P.2d at 568. "A contract violates public policy only if it clearly tends to injure public health, morals or confidence in administration of law or it undermines the security of individual rights with respect to either personal liabilities or private property." *Shepard v. Farmers Insurance Co.*, 678 P.2d at 251. The agreement at hand did not meet these tests of a public policy violation. Accordingly, we hold that the parties' agreement for the appointment of a receiver is enforceable if otherwise qualified under § 1551.

### SUFFICIENCY OF EVIDENCE

Having determined that the agreement was valid and generally enforceable is not determinative that the receiver was properly appointed. Section 1551(2)(c) allows for the appointment of a receiver where it appears "that a condition of the mortgage has not been performed and a provision of the mortgage instrument provides for the appointment of a receiver". Appellants argue that the trial court took no evidence and made no findings that a condition of the mortgage had not been performed. They cite *Panama Timber Co. v. Barsanti*, 619 P.2d 872 (Okla.1980), where the Supreme Court held that the trial court abused its discretion in appointing a receiver where there was no *reasonable showing* that the appointment was predicated upon an authorized basis. Allegations and conclusions are insufficient. A "reasonable showing" requires the presenting of some evidence.

Here, no evidence was taken, although the transcript reveals the parties were prepared to present evidence. The trial court was aware of the allegations in the file and was advised of the agreement in the mortgage to the appointment of a receiver. The court was also informed of the appointment of a receiver in the prior federal court action. That knowledge, did not, however, rise to the level of evidence. There was no reasonable showing by evidence "that a condition of the mortgage ha[d] not been performed".

This requirement is probably easily met. It is, however, the minimum requirement. But even when the necessary showing is made, the decision to appoint a receiver still remains within the sound discretion of the trial court. *Stovall v. Edwards*, 194 Okla. 335, 151 P.2d 385 (1944).

The Order Appointing Receiver is vacated. The case is remanded to the trial court for the evidentiary hearing necessary for the appointment of a receiver under 12 O.S. § 1551.

VACATED AND REMANDED.

HANSEN, P.J., and JOPLIN, J., concur.