## ADAMS v. WOODS et al.

AN order directing the receiver in an action to "distribute of the funds in his hands, under and in the order mentioned in the decree heretofore made in this cause, the sum of $5,000 to the parties entitled to the same," is not an appealable order.

Such an order is not a special proceeding, within the purview of the first subdivision of section three hundred and thirty-six of the Practice Act, nor can it, when detached from the proceedings in an action, be treated as a final judgment from which an appeal may be taken.

If an order for the distribution of a sum of money by a receiver may in some cases be a final judgment, an appeal from it must present it as the final result of some proceeding, and the record must show what the proceeding is.

APPEAL from the Fourth Judicial District.

The facts are stated in the opinion.

_G. F. & W. H. Sharp_, for Appellants.

_T. W. Park_, for Respondent.

NORTON, J. delivered the opinion of the Court—COPE, J. concurring.

This is an appeal from an order directing the receiver to " distribute of the funds in his hands, under and in the order mentioned in the decree heretofore made in this cause, the sum of $5,000 to the parties entitled to the same." This order is not a special proceeding within the purview of the first subdivision of section three hundred and thirty-six of the Practice Act. It does not resemble the order made in this case reported in 18 Cal. 30, which was held to be a special proceeding, and not appurtenant to the main litigation, but appears to be only an interlocutory order in the progress of the action.

The document filed as the record on this appeal consists simply of an order, entitled in this action, upon the receiver to file his " final account," then a brief account, filed by the receiver, called a " supplemental account," and which consists only of a recital of what a referee had reported as to the receiver's accounts, and a statement of certain offsets which the receiver says the referee dis-

allowed, but which he claims, and then this order, from which the appeal is taken. We cannot see that these papers have any special connection, or that they constitute a record of any proceeding. A mere order like this, detached from the proceedings in an action, cannot be treated as a final judgment from which an appeal may be taken. If an order for the distribution of a sum of money by a receiver may in some cases be a final judgment, an appeal from it must present it as the final result of some proceeding, and the record must show what the proceeding is. In this case the order is presented simply as an interlocutory order in another proceeding or action, and without any other portion of that proceeding or action. There is nothing in the papers before us by which it can appear whether the order is correct or erroneous. Presented in this form it is not an appealable order or judgment.

The order, therefore, not being one for which a separate appeal is provided, the appeal must be dismissed.