26  447
d121 545

# GEORGE O. WHITNEY AND J. HENRY WOOD *v.* AMOS BUCKMAN.

APPOINTMENT OF RECEIVER AFTER JUDGMENT. — After verdict and judgment for plaintiff, in an action to recover possession of real estate, and while a motion for a new trial is pending, a receiver of the rents and proceeds of the property in dispute may be appointed, if the facts of the case are such as warrant it.

WHEN RECEIVER MAY BE APPOINTED. — In an action to recover the possession of land, after verdict and judgment for the plaintiff, if the defendant in possession is receiving monthly large sums of money from the sale of the waters of mineral springs on the land, and is insolvent, a receiver may be appointed, pending the further litigation on motion for new trial and appeal.

APPOINTMENT OF RECEIVER. — If notice is given of an application for an injunction, and the petition prays for an injunction, the Judge, on the hearing, may appoint a receiver, if the facts make out a proper case for a receiver, and no objection is made on the ground of want of notice of the application.

REVIEW OF ORDER APPOINTING A RECEIVER. — On an appeal from an order made after final judgment directing a receiver to pay over to the prevailing party

moneys in his hands, the Supreme Court cannot review the order appointing the receiver.

APPLICATION FOR RECEIVER TO PAY OVER MONEY.—On an application to the Court, after final judgment, for an order for a receiver to pay over to the prevailing party money in his hands as receiver, it will not be presumed that the receiver has transcended his duties and took possession of property to which he was not entitled, nor is the opposite party entitled to have issues framed and submitted to a referee or jury to ascertain the ownership of the money in the receiver's hands.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*John Reynolds,* for Appellant.

The Practice Act, section three hundred and thirty-six, treats the final order in special proceedings as a judgment from which an appeal may be taken, as from other judgments. (*Adams* v. *Wood,* 21 Cal. 165.)

The order appointing a receiver was without authority, and was improvidently made. The judgment in the ejectment suit had then already been rendered. There was no judgment for rents, nor was there included in that judgment anything for rents or damages. Then clearly, a receiver could not be appointed to collect the rents and profits, and apply them to the payment of the claim for damages, because there were no such damages.

Again, there was no application on the part of the plaintiffs before the Judge for the appointment of a receiver, nor did the order to show cause require the defendant to prepare for any such application. Therefore, if the Judge had a right to appoint a receiver in such action, and under the circumstances of this case, he could not do so without showing the necessity of such receiver, and that upon a notice to the defendant for that purpose. The want of such showing and notice was a fatal error, and the order should be set aside upon that ground.

But I think no case can be found in which a Court of equity has ever appointed a receiver of the rents pending an action of ejectment, and especially when the plaintiff in the

action expressly disclaims all right to such rents.  That Court has, in some peculiar cases, interposed to stay waste.  This Court has held that such injunction may issue in the same action, without resorting to a separate bill in equity.   (14 Cal. 548.)   But it has never been held in any case that the Court, in the action of ejectment, will go any further than Courts of equity go in a separate suit.

But suppose the order appointing the receiver was properly made, the final order of November 11th, 1862, cannot be sustained.   The money in the hands of the receiver could not be paid to the plaintiffs in lieu of mesne profits or rents. These were, as before shown, expressly waived, and can only be recovered, if at all, in a separate action.

If the funds in the hands of the receiver can be treated as mesne profits, the judgment in ejectment does not show that the plaintiffs were entitled to them without other proof. (*Yount* v. *Howell*, 14 Cal. 466.)

*C. H. Parker*, for Respondent.

The *only order* that can be considered by the Court on this appeal, is the one which required the receiver to pay the money in his hands over to the plaintiff, which order he obeyed.

The petition for an injunction makes out a *prima facie* case for the appointment of a *receiver*, as required by section one hundred and forty-three of the Practice Act.  The Court must have so held.   This, it will be remembered, was after a *general verdict*, and judgment for plaintiff, and before a new trial was granted.   If the appointment of a receiver was a nullity, defendant should have disregarded it; if erroneous or irregular, he should have moved the Court to vacate the order, as was done in the case of *Copper Hill Mining Company* v. *Spencer, No.* 1, 25 Cal. 11, and then the unsuccessful party could have made up a case as is required by section three hundred and forty-six of the Practice Act.  (*Paine* v. *Linhill*, 10 Cal.

57

370; *Stone* v. *Stone*, 17 Cal. 513; *Bodley* v. *Ferguson*, 25 Cal. 584.)

If the appellant intended to review the order *appointing* a receiver, he should have had it reviewed when the whole record was before the Court on the appeal by the respondent from the order granting a new trial. That appeal carried up the whole record, and all prior interlocutory orders should have been then reviewed, if reviewed at all. (*Hanscom* v. *Tower*, 17 Cal. 518.) This appeal carries up only so much of the judgment roll as relates to the *order to be reviewed*, and cannot reach an *interlocutory* order *lying behind a final judgment*. Any other order or determination of the Court below, made in the case *before final judgment*, might be reviewed with as much propriety as the *order appointing* a receiver was *before* final judgment, and by section three hundred and forty-seven the appeal must be from a special order made *after final judgment*.

Interlocutory orders can only be reviewed on appeal from a final judgment. (10 Cal. 503.) Here, there is no appeal from a final judgment.

But the appellant seems to think that the Court may treat the money in the hands of the receiver as rents and profits, but insists that the plaintiffs were not entitled to them *without other proof*, and cites *Yount* v. *Howell*, 14 Cal. 466, to sustain that proposition. That case can have no application to this; the language there used referred to proofs required to recover in a separate action brought to recover the rents and profits. In this case the rents and profits had been preserved by the Court *in specie*; no evidence was necessary to ascertain the amount. In this case, from the very fact that the *Court* had taken the rents and profits, no action at any time could have been maintained against the defendant to recover them for the *period during which the Court intervened*; the defendant, from that fact, would have had a perfect defense. He would have said: " They are in the custody of the law, and you must go there for them; the Court cannot take them away from me, and still render judgment against me for them."

By the Court, SAWYER, J.

Plaintiffs sued to recover one hundred and sixty acres of land in Napa County, upon which there were certain mineral springs, well known by the name of Soda Springs, and recovered judgment. After verdict, and pending a motion for a new trial, plaintiffs filed a petition, supported by several affidavits, alleging their title to the lands, and stating that they derived title to an undivided half thereof through a Sheriff's deed, in pursuance of a sale under a decree foreclosing a mortgage entered against the defendant Buckman; that they had been put in possession under a writ of assistance; that notwithstanding they had been so put in possession, the defendant had again intruded upon said lands and ousted them from possession; that they had brought this action to recover said possession, and had obtained a verdict and judgment thereon; that a motion for a new trial was pending; that defendant declared his intention to appeal if said motion should be decided against him; that after plaintiffs were put in possession of said undivided half, they erected certain buildings and machinery on said premises, over and inclosing a valuable mineral spring, for the purpose of bottling the waters thereof for sale; that the waters of said spring are impregnated with certain minerals and gases, imparting to them certain valuable qualities, so recognized by the community, and by reason thereof that there was a demand and ready sale for all of such waters that could be placed in market; that the said spring, for the purpose aforesaid, was of the value of five hundred dollars per month, the entire value being for purposes of sale as aforesaid; that defendant, for the purpose of harming said plaintiffs and depriving them of the use of said waters, had cut a tunnel into the hill above the point where said waters issued from the earth, and just outside of plaintiffs' said house, tapping said vein of water, and by means thereof had turned the same down the hill, whereby it became wholly wasted and of no use to either, and thereby also rendering said plaintiffs' building and machinery for bottling of no use or value; that

defendant has built a small wooden house over said place where said waters now issue from the earth, and that he pretends to appropriate said waters, but without making any use of them; that there are other valuable springs on said land besides the one last named having buildings and machinery for bottling placed there by plaintiffs' grantors; that the buildings and machinery are in the possession of said defendant, who is using the same and bottling and selling the waters, and making large profits therefrom, notwithstanning the said waters belong to said plaintiffs; that he is wasting the substance of the estate and wearing out the machinery; that he threatens to tear down and sever from the freehold and take away the buildings and machinery, etc., that may be left in case plaintiffs gain this suit; that he is depriving the plaintiffs of the income which they might derive from the sale of said waters; that the defendant is insolvent and has no property out of which a judgment for damages could be satisfied; that the injuries are irreparable and such as could not be compensated in damages, etc. They pray for an injunction. An order to show cause was granted, and on the return day the defendant appeared and filed his answer to the petition, in which he admits the proceedings in foreclosure, and that plaintiffs were put in possession under the writ of assistance, as alleged, but avers that the premises in suit do not include more than one hundred and twenty acres; denies title of plaintiffs to one hundred and sixty acres, including said Soda Springs and improvements, or to more than one hundred and twenty acres; admits the recovery in this suit, but denies that more than one hundred and twenty acres are included in the recovery; admits the erection of the building by plaintiffs, but avers that the building and the spring it covers is only partly on the lands of plaintiffs, and that the rest is on lands of defendant, not embraced in the description contained in the complaint in this suit; that the spring is not on the land of plaintiffs; admits that there are other springs, but avers that only one is on land of plaintiffs; and makes many other averments, the gist of which is, that the acts performed by defendant were not performed upon

the lands described in the complaint; denies insolvency, etc. Upon the hearing the Judge thought, that the interest of the parties required, and the facts justified the appointment of a receiver to take charge of the springs, bottle and sell the waters, and retain the proceeds pending the litigation. A receiver was accordingly appointed. Subsequently, the motion for new trial having been granted, plaintiffs appealed, and the order granting a new trial was reversed, with directions to enter judgment on the verdict. After the entry of final judgment, in pursuance of the directions in the remittitur, on motion of plaintiffs, the net proceeds of the sale of soda water in the hands of the receiver, amounting to five thousand dollars, were ordered to be paid over to the plaintiffs, and this appeal is taken from said order.

We think the facts stated in the petition and affidavits were sufficient to justify the Judge in appointing a receiver, under section one hundred and forty-three of the Practice Act. (See also *People* v. *Mayor of N. Y.*, 10 Abbt. 110.)

But it is insisted that the Judge erred in appointing a receiver, when the application was for an injunction, and not for a receiver. The bill of exceptions shows, that defendant excepted to the appointment of the receiver, but the ground of the exception is not stated. It is not shown that any objection was made on the ground that the notice did not specify that a receiver would be applied for. The necessary facts and parties were all before the Court. Had the defendant been surprised, and asked for further time to meet the questions as to the propriety of appointing a receiver, doubtless the Court would have given it. But it does not appear that any such desire was manifested, or that any technical objection, or exception whatever was interposed, and we must presume that there was none. The Judge, in the exercise of his discretion, with the necessary facts and parties before him, deeming the case a proper one for a receiver rather than an injunction, made the appointment complained of, and it is manifest that the interest of the parties was subserved by the course pursued. But whether the Judge erred or not in mak-

ing the appointment, without notice of an application for that specific remedy, the appellant has not appealed from the order, and it cannot be reviewed on this appeal, which is only from the order directing the receiver to pay over the profits accrued from the bottling and sale of the water, pending the motion for new trial and appeal. The appointment of a receiver is not a special proceeding within the meaning of section three hundred and thirty-six of the Practice Act. (*Adams* v. *Wood*, 21 Cal. 165.) It is a proceeding in the suit to recover the premises, auxiliary to that action, and a part of it. It had no independent existence.

This appeal, therefore, is not from a final judgment in a special proceeding, but an appeal from an order subsequent to judgment, and on such appeal the order appointing the receiver cannot be reviewed.

The defendant opposed the order to pay the money in the hands of the receiver to the plaintiffs, and moved the Court to frame and submit to a referee, or a jury, issues as to the boundary of the land described in the complaint, and as to the value of any personal property, if any, in the hands of the receiver, and the ownership thereof, and what part, if any, of the money in the hands of the receiver has been earned and acquired from property belonging to the defendant, or to which he is entitled as against plaintiffs; which motion was denied, and defendant excepted, and he now alleges this ruling to be error. The receiver was appointed to take charge of the springs on the premises in controversy in the suit. We must presume that the Judge informed himself as to what he placed in the hands of the receiver before he made the appointment, and we cannot presume that the receiver transcended the bounds of his authority. The judgment in the suit to recover the property adjudged the recovery of "all that certain tract or parcel of land situated in said County of Napa and State of California, consisting of a pre-emption claim of one hundred and sixty acres of land, and commonly known as the Soda Springs, and embracing said springs and the improvements thereto belonging," etc. The only money in the hands of the

receiver was the proceeds of the sales of the water from the
" Soda Springs."    As the land " embracing said springs " was
recovered by the plaintiffs, it follows, as a matter of course,
that they were entitled to the proceeds of the sales of the
water of the springs it embraced pending the motion for new
trial and the appeal.    The very object of appointing the
receiver was to preserve these proceeds in order that they
might be delivered over to the party, who should· finally
recover in the action.    Judgment having been finally entered
in favor of plaintiffs in pursuance of the direction of the Court,
on appeal, the order to pay over the said proceeds to them was
properly made.

Let the order be affirmed.

Mr. Justice CURREY expressed no opinion.