[Civ. No. 7804.   Third Dist.   Jan. 11, 1951.]

MADELINE P. VENZA, Respondent, v. JOSEPH J.
VENZA et al., Appellants.

Preston, Braucht & George for Appellants.

C. Ray Robinson and Herbert F. Hawkins for Respondent.

PEEK, J.—This is an appeal from an order fixing the
fees of the receiver and his attorneys, and assessing such
costs against defendants.   On September 21, 1949, plaintiff,
the divorced wife of defendant Joseph J. Venza, instituted
this action to set aside a property settlement agreement
which had been ratified by the court and made a part of an
interlocutory decree of divorce rendered some 18 months
earlier, and to establish a community property interest in a

cannery operated by defendants and for an accounting. The complaint alleged that plaintiff and defendant Joseph J. Venza lived together for several years under an agreement to share equally in their gains; that thereafter they married; that they acquired property consisting of a substantial cannery business; that through their joint earnings they accumulated a relatively large estate; that said defendant concealed the amounts of income and the wealth of the business, and that but for the representations of said defendant, plaintiff would not have entered into the property settlement agreement.

Upon the affidavit of Herbert F. Hawkins, one of the attorneys for plaintiff, the court, on October 2, 1948, issued an order to show cause and a temporary restraining order, restraining defendants from selling or encumbering the products of the cannery during the 1948 season. On October 7, 1948, defendants moved the court to dissolve the restraining order, or that plaintiff furnish an undertaking as a condition of keeping it in force. On October 8, 1948, the court appointed a receiver to take over the cannery business. The appointment of the receiver was upheld by this court in *Venza* v. *Venza,* 94 Cal.App.2d 878 [211 P.2d 913]. The opinion shows that the trial court suggested the appointment in order to keep the business going. The attorneys for plaintiff concurred in the appointment. The attorneys for defendants stated they would not stipulate to the appointment but ''as a practical matter that would work out all right.''

After the trial of plaintiff's cause of action to establish a community property interest in the cannery, the court adopted findings favorable to said defendant. The court found that the parties did not agree to pool their resources and share equally in the fruits of their labor; that the cannery did not increase in value as alleged in the complaint; that plaintiff did not rely upon any representations made by said defendant nor was she induced thereby to enter into the property settlement agreement; that said defendant did not conceal any community assets, and that it is not true that plaintiff has been deprived of great sums of money, but on the contrary, it is true that the said property settlement was and is in all respects fair and equitable.

Upon hearing of the motion to tax costs, the court adopted findings and ordered the costs of the receiver and his attorneys assessed against defendants in the sum of $1,750 and $1,000 respectively. The court found that the divorced wife, plain-

tiff herein, brought the action in good faith; that the receiver was appointed on the court's own motion; that the appointment was justified; that the receiver was appointed for the purpose of preserving and protecting the property, and that a substantial portion of the receiver's services consisted of aiding defendants in the business and resulted in a benefit to them.

Defendants first contend that the compensation allowed the receiver and his attorneys was excessive and disproportionate to the time devoted and care necessary to the preservation of the assets of the corporation. They do not dispute the report of the receiver nor do they attempt to minimize the services performed, but only attack the amount of compensation allowed which they contend is excessive under the circumstances.

The rule is well established that the compensation to be allowed receivers and their attorneys is primarily within the sound discretion of the trial court. This is necessarily so, for, as the court stated in *Kan* v. *Tsang,* 90 Cal.App.2d 538 [203 P.2d 86], the trial court is "in a better position to know the necessity for the services performed by the receiver and his attorney and to assess their reasonable value" (p. 541) than is a reviewing court. Thus, it follows that in the absence of a clear showing of an abuse of discretion by the trial court this court would not be justified in interfering therewith. (*Adams* v. *Woods,* 8 Cal. 306, 322.) We conclude that the record does not disclose such a showing by defendants.

Defendants' second contention is that where the basis of a receiver's appointment is the allegations contained in plaintiff's verified complaint, which allegations are found to be untrue, it is error to impose the cost thereof upon defendants. Their supporting argument is substantially that as the trial court found the allegations of plaintiff's complaint to be untrue, therefore the cost of the receivership should be charged against plaintiff as was the case in *Baldwin* v. *Baldwin,* 82 Cal.App.2d 851 [187 P.2d 429]. In that case the trial court found the receivership to have been "unnecessary, improvident, wrongful and inequitable." In the present case the trial court, as previously stated, found directly to the contrary, that plaintiff (the divorced wife of defendant Joseph J. Venza) instituted her action in good faith; that the appointment of a receiver upon the court's own motion was justified; that the receiver was appointed for the purpose of preserving and protecting the property and that a sub-

stantial portion of the services performed by the receiver consisted of aiding defendants in their business and resulted in a benefit to them. Furthermore, in the former appeal (*Venza* v. *Venza*, 94 Cal.App.2d 878 [211 P.2d 913]), this court approved the action of the trial court in appointing the receiver.

We are thus confronted with a question similar to that contained in defendants' first contention, that is, since it has been determined that the trial court invoked its jurisdiction in a proper manner, was there such an abuse of its discretion in the assessment of costs against defendants' property as would warrant intervention by this court? As stated in 68 American Law Reports 878:

"Where there is no question as to the legality of propriety of the appointment of a receiver, it is generally held that the receiver's expenses are payable from the receivership fund, and are not taxable against the party who procured the appointment." (See, also, 22 Cal.Jur. 539.)

We are convinced that the general rule as above stated likewise should apply to the present proceeding.

The order is affirmed.

Adams, P. J., and Van Dyke, J., concurred.