Filed 4/27/21  Biasi v. Nielson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ANGELA DAWN BIASI ET AL., <br><br> Appellants, <br><br> v. <br><br> LINDSAY F. NIELSON, <br><br> Respondent. | 2d Civ. No. B306279 <br> (Super. Ct. No. 56-2019-00526430-PR-LA-OXN) <br> (Ventura County) |

Douglas Biasi, Sr. died intestate in 2019.  His estate consisted of a one-half interest in a successful business, Roy's Towing, as well as several commercial and residential properties he purchased with business partner Roy Conn.  Disputes between the estate's administrators and Conn ensued.  This prompted the probate court to appoint a receiver *sua sponte* to control the day-to-day operations of Roy's Towing and to facilitate Conn's buyout of the estate's interest in the company.  The court later expanded the receivership to include all the estate's real property assets. Appellants challenge both orders.

We conclude appellants failed to timely appeal the original order appointing a receiver. While they timely appealed the second order, we conclude the probate court acted within its discretion when it expanded the receivership. The record also fails to disclose how, if at all, appellants have been damaged by the order.[1] Judgment is affirmed.

FACTUAL BACKGROUND
AND PROCEDURAL HISTORY

Douglas Biasi, Sr. and Roy Conn were longtime business partners who each owned a one-half interest in Roy's Towing. The two also co-owned several houses, commercial properties, and vacant lots in Thousand Oaks and Newbury Park. Biasi died intestate in February 2019. His four children inherited his assets: Douglas Biasi, Jr. and appellants Angela Biasi, Tony Biasi, and Chad Biasi.

The probate court appointed professional fiduciaries Jason Rubin and Maya Rubin as co-administrators of Douglas Sr.'s estate in June 2019. A dispute arose when Conn would not provide them full access to the finances and company records of Roy's Towing. The Rubins eventually petitioned the court to appoint two provisional directors to assume control over the business's day-to-day operations. Conn objected to the petition and denied accusations that he was obstructing the administrators.

The probate court heard the petition on December 12, 2019. The Rubins asserted Conn's stonewalling prevented them from valuing the business and exercising the estate's shareholder rights. Conn's counsel described the administrators' demands as

---

[1] At oral argument, appellants' counsel could not describe what remediation was needed at the properties in receivership.

unreasonable and decried their interference with the company's day-to-day operations. Douglas Jr.'s counsel expressed concern that hiring two provisional directors would only further erode the estate's dwindling assets. Appellants, who were then self-represented, received notice of the hearing but did not to attend.

The court described the situation as "intractable" and told the parties it intended to appoint a receiver to facilitate Conn's buyout of Roy's Towing. Respondent Lindsay Nielson, who sat in the courtroom's audience during the hearing, agreed to serve in this role. Conn's counsel confirmed he had previously spoken to Nielson about the matter and agreed to his appointment. The court revoked the administrator's special powers to manage the company's day-to-day operations and appointed Nielson as receiver.

Nielson appeared *ex parte* on December 18, 2019 to clarify whether the receivership extended to the estate's real estate interests. This included two properties owned by Douglas Sr. and several others he co-owned with Conn. The administrators opposed expanding the receivership beyond Roy's Towing and claimed the parties' dispute did not involve the estate's real properties. Conn's counsel favored placing everything into the receivership because he anticipated his client might assert an interest in Douglas Sr.'s solely-owned properties as well. Nielson was already familiar with the estate, Conn's counsel explained, and he could help untangle the many unwritten informal agreements his client and Douglas Sr. made over the years. The court agreed and appointed Nielson receiver over all the estate's real property interests in addition to Roy's Towing.

Nielson sought court approval to sell one of the jointly owned properties in February of 2020. Conn agreed to the sale

price and signed the purchase agreement. No party opposed Nielson's request or appealed the order authorizing him to complete the sale. Appellants did not attend the hearing.

The probate court approved Nielson's request for a second property sale in April of 2020. A few weeks later he appeared *ex parte* to request permission to extend a $28,000 repair credit to the buyer. This appears to have caught appellants' attention. In response, they filed a writ petition in this Court challenging the validity of Nielson's appointment and requesting a stay of the pending property sale. (*Biasi v. Superior Court*, B305597.) We denied the petition on April 24, 2020. Appellants filed this appeal on June 11, 2020.

## DISCUSSION

### *A. Appellants Did Not Timely Appeal the December 12, 2019 Order Appointing Nielson as Receiver Over Roy's Towing*

The probate court's December 12 appointment order was immediately appealable. (Code. Civ. Proc., § 904.1, subd. (a)(7).) Appellants sought writ review unsuccessfully in April of 2020 but did not file their notice of appeal until June 11. The time to appeal expired on June 9 regardless of the manner they received notice of the December 12 order. (See Cal. Rules of Court, rule 8.104(a)(1)(C) ["notice of appeal must be filed on or before the earliest of: . . . 180 days after entry of judgment"].) As such, we lack jurisdiction to consider their arguments about alleged pre-appointment procedural deficiencies and the probate court's power to appoint a receiver *sua sponte*. (Cal. Rules of Court, rule 8.104(b); *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.)

4

*B. Appellants Timely Appealed the December 18, 2019 Order*
*Expanding the Receivership*

Appellants appeal the probate court's December 18, 2019 order as well. Respondents contend this order is not separately appealable because it only "clarified" the first. This is partly correct. Authorizing Nielson to dispose of real properties used in connection with Roy's Towing did not alter the scope of the receivership. Nielson could not achieve the court's December 12 mandate "to arrange for . . . the sale of the business" if he could not lawfully grant a purchaser title to, or some possessory interest in, the land on which the business stood.

Nielson returned six days later when he discovered the extent to which Douglas Sr. and Conn commingled their non-business assets as well. The probate court's December 18 order expanded the receivership considerably by giving Nielson authority over properties not used in connection with Roy's Towing. We consider this aspect of the order distinct from the December 12 order and thus separately appealable. Finding no service copy of the ruling in the record, we conclude appellants preserved their challenge by filing a notice of appeal within 180 days of that date. (Code Civ. Proc., § 904.1, subds. (a)(7) & (a)(10); see Prob. Code, § 1300, subd. (c) [appeal may be taken from an order "[a]uthorizing, instructing, or directing a fiduciary, or approving or confirming the acts of a fiduciary"].) The claim, however, fails on the merits.

*C. The Probate Court Did Not Abuse Its Discretion When It*
*Expanded the Receivership on December 18, 2019*

A court may appoint a receiver "where necessary to preserve the property or rights of any party." (Code Civ. Proc., § 564, subd. (b)(9); see *Rosenthal v. Rosenthal* (1966) 240

5

Cal.App.2d 927, 933 ["If jointly-owned property is in danger of being lost or destroyed or misappropriated, the trial court may appoint a receiver to protect a party's interest in the property"].) "'The rule is well established that the appointment of a receiver rests largely in the discretion of the trial court, and that its action in appointing a receiver will not be disturbed by an appellate court in the absence of a showing of abuse of discretion.'" (*Venza v. Venza* (1949) 94 Cal.App.2d 878, 883, quoting *Goes v. Perry* (1941) 18 Cal.2d 373, 381.)

The record shows Douglas Sr.'s and Conn's successful towing business allowed them to diversify into real estate. This included at least three houses, one vacant lot, and the four parcels on which they operated Roy's Towing. Their business relationship remained informal as it grew in complexity and value. They appear to have created no corporate entity or formal partnership to hold these assets and did not prepare succession plans. When Douglas Sr. died intestate, he left his four heirs with a sizeable but ill-defined pool of assets. The dispute between estate administrators and Conn over access to financial information was only a prelude to a much broader dispute that threatened to consume the corpus of the estate. We conclude the probate court's decision to expand the receivership on December 18 fell within its discretion considering the estate's composition and the intensifying animosity between Conn and Douglas Sr.'s heirs.

Appellants characterize Nielson as an "unauthorized representative" whose appointment usurped the administrators' authority to dispose of the estate's assets under Probate Code sections 10250 et seq. and 10304. They contend the "purely statutory" nature of probate proceedings prohibited the court

6

from appointing a receiver to perform those functions reserved for personal representatives under the Code.  We disagree.  "[T]he availability of other remedies does not, in and of itself, preclude the use of a receivership."  (*Gold v. Gold* (2003) 114 Cal.App.4th 791, 807, quoting *Sibert v. Shaver* (1952) 113 Cal. App. 2d 19, 21.)  Appellants do not explain why a receiver cannot operate within this statutory framework or how Nielson deviated from his duties as receiver.

In fact, appellants do not articulate any injury apart from the order's purported procedural defects.  They allude to potential title issues but stop short of explaining how the receiver caused or will cause such problems.  They do not challenge the orders approving Nielson's subsequent sale of two estate properties or contend he has harmed their rights as Douglas Sr.'s heirs.  No appeal lies for those not aggrieved by a ruling.  (Code Civ. Proc., § 902; *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.)

*D. Alleged Post-Appointment Procedural Deficiencies*

*Do Not Invalidate Nielson's Initial Appointment*

Appellants argue that even if the probate court properly appointed Nielson, the appointment lapsed by operation of law because the court failed to hold a confirmation hearing within 30 days.  They cite rule 3.1176(a) of the California Rules of Court as requiring such a hearing "[w]henever a receiver is appointed without notice."  Appellants ignore this rule's context.  Rule 3.1175 dictates the circumstances in which a litigant may apply for a receiver on an *ex parte* basis.  Rule 3.1176 requires a successful applicant to confirm an *ex parte* appointment by obtaining an order to show cause, scheduling a hearing date, and serving the application's supporting documents on all adverse

parties. Neither rule contains language extending these procedures to a *sua sponte* appointment by the court itself.

Appellants identify several other post-appointment procedural deficiencies. This includes Nielson's failing to take a receiver's oath (Code Civ. Proc., § 567), to furnish undertakings (*id.*, §§ 566, subd. (b), 567, subd. (b)), to file inventories (rule 3.1181), or to file monthly reports (rule 3.1182). Appellants raised these same alleged deficiencies when petitioning for writ review of the December 12 and December 18 orders.[2] They appear to have emailed a copy of the writ petition to the probate court clerk in April of 2020 but the memorandum accompanying the writ sought no ruling on the merits raised therein.[3] In addition, the record does not indicate they sought to address these issues in probate court after the petition's denial. We decline to consider them for the first time on appeal. (See *Estate of Casserley* (2018) 22 Cal.App.5th 824, 831, citing *Krechuniak v. Noorzoy* (2017) 11 Cal.App.5th 713, 726 [reviewing court declined to consider standing argument not raised in probate court by administrator].)

---

[2] We grant respondent's unopposed request for judicial notice of appellants' petition for writ of prohibition (*Biasi v. Superior Court*, B305597), dated December 16, 2020.

[3] We grant appellants' motion to augment the record to include their "Opposition to Ex Parte Request for Instructions re: Credit for Repairs to 91 S. Ellis, Newbury Park," dated February 8, 2021. A non-conformed copy of appellants' petition for writ of prohibition is attached as Exhibit "B" to that document.

*E. Appellants' Notice of Appeal Did Not Stay*
*Probate Court Proceedings*

Appellants assert their appeal "stayed the operation and effect" of the December 12 and 18 orders pursuant to Probate Code section 1310, subdivision (a). The record does not show whether appellants requested or obtained a stay from the probate court pursuant to this statute. It contains no ruling or briefing on the subject. We assume the court correctly allowed the receiver to continue performing his duties. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133 ["A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness"]; see *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; Prob. Code, § 1310, subd. (b) [fiduciaries may exercise their duties "for the purpose of preventing injury or loss to a person or property . . . as if no appeal were pending"].)

CONCLUSION

The judgment is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:



GILBERT, P.J.          TANGEMAN, J.


9

Roger L. Lund, Judge
Superior Court County of Ventura

_____

MacCarley & Rosen, Mark MacCarley, for Appellants.
Ferguson Case Orr Paterson, Wendy Cole Lascher and John A. Hribar; Law Offices of Lindsay F. Nielson, Lindsay F. Nielson, for Respondent.